LANDRIEU, Judge.
From the granting of an exception of prescription in favor of defendant Mobil Oil Exploration & Producing Southeast, Inc. (“MOEPSI”), the plaintiffs appeal. We reverse.
FACTS
On September 11, 1991, plaintiffs, Henry Bias, Jr., and his wife, Valencia Bias, filed suit against Tidewater Marine Service, Inc., Tidewater Resources, Inc., Tidex, Inc., and MOEPSI pursuant to the Jones Act and General Maritime Law. Plaintiffs sought recovery for personal injuries Mr. Bias sustained on September 12,1988, while unloading fuel from the M/V CARLSON TIDE to Mobil Rig No. 54, a platform located on the Outer Continental Shelf in High Island Block No. 139. Mr. Bias, an employee of Tidewater Marine Service, Inc., was working aboard the M/V CARLSON TIDE as it was positioned adjacent to MOEPSI’s platform. During the refueling process, fuel was pumped from the vessel to the platform through a hose located on the platform. Perforations in the hose caused fuel to leak and spill on the deck of the vessel.
Upon completion of the refueling process, the platform based crane operator, an employee of MOEPSI, lifted the hose and swung the boom of the crane which caused the hose to hit the plaintiff. Attempting to avoid the crane boom and hose, Mr. Bias took a few steps backwards and slipped on the fuel covered deck. As a result of the accident, plaintiff sustained injuries to his head and back.
Applying Texas state law[1] in accordance with the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, et seq. (West 1986), the trial court dismissed MOEPSI on an exception of prescription. Plaintiffs contend that federal maritime law[2] rather than state law should have been applied to this case.
DISCUSSION
ASSIGNMENT OF ERROR
The only issue presented for our consideration is whether Bias’ negligence claim against MOEPSI constituted a maritime tort.
In determining whether a negligence claim constitutes a maritime tort, a court makes factual inquiry, taking into account both the situs of the injury and the *929 “significant relationship” between the alleged wrong and “traditional maritime activity.” Penton v. Pompano Construction Co., Inc., 976 F.2d 636 (11th Cir.1992). Here, neither party contests the fact that the situs of the accident was on navigable water. However, MOEPSI argues the second prong of the test, the nexus between the alleged wrong and traditional maritime activity, is lacking.
The criteria for determining whether torts occurring on navigable waters have a maritime connection are: (1) the functions and roles of the parties; (2) the types of vehicles and instrumentalities involved; (3) the causation and the type of injury; and (4) the traditional concepts of the role of admiralty law. Kelly v. Smith, 486 F.2d 520 (5th Cir.1973), cert. denied Chicot Land Company, Inc. v. Kelly, 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974).
In this case, Mr. Bias, a seamen aboard ship, was unloading cargo (fuel) on to the platform through a hose. He was allegedly injured by the actions of an employee on the platform who was operating a crane that controlled the hose. Admiralty law has traditionally been concerned with the loading and unloading of vessels. Edynak v. Atlantic Shipping Inc. CIE. Chambon, 562 F.2d 215, 221 (3rd Cir.1977), cert. denied 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978).
Considering the alleged facts, a sufficient connection to traditional maritime activity has been established to constitute a maritime tort. Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.

. Tex.Civ.P.Rem.Code Ann. § 16.003 (West 1986) provides, in pertinent part, that "a person must bring suit for ... personal injury ... not later than two (2) years after the day the cause of action accrues.”

. 46 U.S.C.App. § 763a (West Supp.1992) provides "unless otherwise specified by law, a suit for recovery of damages for personal injury ... arising out of a maritime tort, shall not be maintained unless commenced within three (3) years from the date of the cause of action accrued."